AG 003884

Cause No. _____

| | | |
|---|---|---|
| ROLANDO GARCIA, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| SUNDEEP SINGH DHATT; and | § | |
| MARNOR HOLDINGS, LTD., | § | |
| Defendants | § | BROOKS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ROLANDO GARCIA, (xxx-xx-x894),(sometime hereinafter referred to as Plaintiff), complaining of SUNDEEP SINGH DHATT (sometimes hereinafter referred to as Defendant DHATT); and, MARNOR HOLDINGS, LTD. (sometimes hereinafter referred to as Defendant MARNOR); and for cause of action respectfully shows the Court as follows:

### I. PARTIES

Plaintiff brings this suit individually.

Defendant SUNDEEP SINGH DHATT is an individual who can be served by sserving the Texas Secretary of State. at the following address: **Citations Unit, Texas Secretary of State, James E. Rudder Building, 1019 Brazos, Room 220, Austin, Texas 78701. The Secretary of State can serve Defendant DHATT at his place of residence 15638 96 Ave., Currey, CD V4N2K9.**

Defendant, MARNOR HOLDINGS, LTD. is corporation licensed to and doing business in the State of Texas but does not have a registered agent in the State of Texas and therefore, can be served by serving the Texas Secretary of State. at the following address: **Citations Unit, Texas Secretary of State, James E. Rudder Building, 1019 Brazos, Room 220, Austin, Texas**


EXHIBIT A

78701. The Secretary of State can serve Defendant <u>MARNOR HOLDINGS, LTD. by serving its President, Craig Nicholson at 3242 264 St., Aldergrove, BC V4W 2X3.</u>

## II. VENUE

Venue is proper in Brooks County, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code in that the accident and/or occurrence made the subject of this case and the acts or omissions occurred in Brooks County, Texas.

## III. BACKGROUND FACTS AND CAUSES OF ACTION

On or about May 15, 2015, Plaintiff, while in course and scope of his employment for Brooks County, was patrolling down 281 and was making a proper turnaround, when suddenly, and without warning, Defendant DHATT, who was also traveling Northbound on US 281, and was driving a truck owned by Defendant MARNOR, when Defendant DHATT failed to keep a proper lookout and failed to take evasive action striking Plaintiff's vehicle.

## IV. PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT, DHATT

Plaintiffs would show that Defendant DHATT was guilty of the following acts and/or omissions, each of which constituted negligence and/or negligence per se and each of which was proximate cause of the occurrence in question and Plaintiffs' resulting injuries.

The negligent and careless disregard of duty of Defendant DHATT consisted of, but is not limited to, the following acts and omissions:

    (a)    In failing to take proper evasive action; and,

    (b)    In failing to maintain a proper lookout for traffic.

Defendant DHATT had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries and damages were proximately caused by Defendant DHATT'S negligent, careless, and reckless disregard of said duty.

### V. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT MARNOR

At the time and place in question, Defendant MARNOR was guilty of the following acts and/or omissions:

(a) In negligently entrusting its vehicle to Defendant DHATT; and,

(b) In allowing Defendant DHATT to operate a vehicle when it was apparent that he was an incompetent and/or reckless driver.

Each and all of the above and foregoing acts of omission and commission constitute negligent, negligent entrustment and gross negligence and were each and all a proximate cause of the incident made the basis of this lawsuit and Plaintiffs' injuries and damages.

Defendant MARNOR is liable to Plaintiff for his damages under the Doctrine of Respondent Superior.

### VI. DAMAGES

As a direct and proximate result of the accident made the basis of this lawsuit, Plaintiff suffered severe injuries. Additionally they have incurred the following damages.

(a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;


(b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c) Physical pain and suffering in the past;

(d) Physical pain and suffering in the future;

(e) Mental anguish in the past;

(f) Mental anguish in the future;

(g) Lost wages in the past and wage earning capacity;

(h) Impairment;

(i) Disfigurement;

(j) Property damage.

Plaintiff seek damages in an amount in excess of this courts minimum jurisdictional limits.

Pursuant to Texas Rules of Civil Procedure 47(c)(2) Plaintiffs seeks monetary relief of in excess of $1,000,000.00, and are in excess of this Court's minimum jurisdictional requirements.

All the wrongful and/or negligent/grossly negligent conduct above by each or all Defendants, collectively or singularly- jointly and/or severally, proximately caused Plaintiff's damages, which are all damages allowed by Texas Law.

## VII. JURY DEMAND

Plaintiff request a jury trial, and has tendered the fee.

## VIII. REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendants be cited to appear and answer herein, this cause be set for trial before a jury, and Plaintiffs recovers judgment of and from Defendants for their actual damages, in such amount as the evidence shows and the jury determines to be proven, together with pre-judgment interest and post-judgment interest, cost of suit, and such other and further relief to which Plaintiff may be justly entitled.

                Respectfully submitted,
                LAW OFFICE OF WILLIAM J. TINNING, P.C.
                1013 Bluff Drive
                Portland, Texas 78374
                Telephone:  (361) 643-9200
                Facsimile:  (361) 643-9600
                btinning@tinninglaw.com

By:   */s/ William J. Tinning*
        William J. Tinning
        State Bar No. 20060500
        **LEAD ATTORNEY FOR PLAINTIFF**

CO-COUNSEL:
J. Michael Guerra
Attorney at Law
P.O. Box 1968
Alice, Texas 78333
(Telephone) 361.668.7344
(Facsimile) 361.664.1003
Email: jmguerra@gmail14.com

Electronically Filed
7/7/2016 3:53:45 PM
Noe Guerra Jr., District Clerk
Brooks County, Texas
Reviewed By: Lesvia Gonzales

Case 2:16-cv-00329   Document 1-1   Filed in TXSD on 08/04/16   Page 6 of 13

CAUSE NO. 15-09-16942-CV

| | | |
|---|---|---|
| ROLANDO GARCIA,<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 79TH JUDICIAL DISTRICT |
| SUNDEEP SINGH DHATT and<br>MARNOR HOLDINGS, LTD.,<br>*Defendants* | §<br>§<br>§ | BROOKS COUNTY, TEXAS |

## DEFENDANTS, SUNDEEP SINGH DHATT AND MARNOR HOLDINGS, LTD'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Sundeep Singh Dhatt and Marnor Holdings, LTD file their Original Answer, and would respectfully show the Court as follows:

1. Defendants generally deny the material allegations of Plaintiff's Original Petition (and any further amendment or supplement thereto) and demand that such be proven by a preponderance of the evidence as required by law.

2. Defendants are entitled to a credit or offset for any monies Plaintiff has received or may receive by way of any settlement, loan receipt or other type agreement arising from Plaintiff's claims and causes of action.

3. Defendants assert that the injuries and damages complained of were caused in whole or in part by the acts, omissions, or conduct of parties not related to, or under the control of, Defendants. Defendants, therefore, invoke the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including but not limited to the doctrines of sole proximate cause, contributory and/or comparative fault, and intervening and/or new and independent cause. Defendants also assert all rights of contribution afforded in that statute.

{03950960.DOC / }

4. Defendants affirmatively plead the limitations on damage recovery found in Texas Civil Practice & Remedies Code §18.091. Defendants further request the Court to instruct the jury as required by that statute.

5. Defendants affirmatively plead the limitation on recovery of medical or health care expenses found in Texas Civil Practice & Remedies Code §41.0105.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS respectfully pray that Plaintiff takes nothing by its causes of action, that Defendants recover their costs incurred herein, and for such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

_____
J. K. LEONARD
State Bar No. 12209750
(210) 731-6358 (Direct Line)
(210) 785-2958 (Direct Facsimile)
Email: jkleonard@namanhowell.com
MARK A. COOPER
State Bar No. 24025752
(210) 731-6352 (Direct Line)
(210) 785-2934 (Direct Facsimile)
Email: mcooper@namanhowell.com
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
**ATTORNEYS FOR DEFENDANTS SUNDEEP SINGH DHATT and MARNOR HOLDINGS, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2016, a true and correct copy of the foregoing was served upon the following counsel of record in the manner noted below:

{03950960.DOC / }

2

**Via Facsimile: (361) 643-9600**
William J. Tinning
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374

**Via Facsimile:  (361) 664-1003**
J. Michael Guerra
ATTORNEY AT LAW
P.O. Box 1968
Alice, Texas 78333
**ATTORNEYS FOR PLAINTIFF**

_____
J. K. LEONARD

{03950960.DOC / }

3

Cause No. 15-09-16942-CV

| | | |
|---|---|---|
| ROLANDO GARCIA, § | | IN THE DISTRICT COURT |
| Plaintiff § | | |
| § | | |
| vs. § | | 79TH JUDICIAL DISTRICT |
| § | | |
| SUNDEEP SINGH DHATT; and § | | |
| MARNOR HOLDINGS, LTD., § | | |
| Defendants § | | BROOKS COUNTY, TEXAS |

### PLAINTIFF'S FIRST AMENDED PETITION WITH REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ROLANDO GARCIA, (xxx-xx-x894),(sometime hereinafter referred to as Plaintiff), complaining of SUNDEEP SINGH DHATT (sometimes hereinafter referred to as Defendant DHATT); and, MARNOR HOLDINGS, LTD. (sometimes hereinafter referred to as Defendant MARNOR); and for cause of action respectfully shows the Court as follows:

### I. PARTIES

Plaintiff brings this suit individually.

Defendant **SUNDEEP SINGH DHATT** is an individual who has been served and has answered and appeared herein.

Defendant, **MARNOR HOLDINGS, LTD.** is corporation licensed to and doing business in the State of Texas who has answered and appeared herein.

### II. VENUE

Venue is proper in Brooks County, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code in that the accident and/or occurrence made the subject of this case and the acts or omissions occurred in Brooks County, Texas.

### III. BACKGROUND FACTS AND CAUSES OF ACTION

On or about May 15, 2015, Plaintiff, while in course and scope of his employment for Brooks County, was patrolling down 281 and was making a proper turnaround, when suddenly, and without warning, Defendant DHATT, who was also traveling Northbound on US 281, and was driving a truck owned by Defendant MARNOR, when Defendant DHATT failed to keep a proper lookout and failed to take evasive action striking Plaintiff's vehicle.

### IV. PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT, DHATT

Plaintiffs would show that Defendant DHATT was guilty of the following acts and/or omissions, each of which constituted negligence and/or negligence per se and each of which was proximate cause of the occurrence in question and Plaintiffs' resulting injuries.

The negligent and careless disregard of duty of Defendant DHATT consisted of, but is not limited to, the following acts and omissions:

(a)     In failing to take proper evasive action; and,

(b)     In failing to maintain a proper lookout for traffic.

Defendant DHATT had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries and damages were proximately caused by Defendant DHATT'S negligent, careless, and reckless disregard of said duty.

### V. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT MARNOR

At the time and place in question, Defendant MARNOR was guilty of the following acts and/or omissions:

(a)     In negligently entrusting its vehicle to Defendant DHATT; and,

(b)     In allowing Defendant DHATT to operate a vehicle when it was apparent that he was an incompetent and/or reckless driver.

Each and all of the above and foregoing acts of omission and commission constitute negligent, negligent entrustment and gross negligence and were each and all a proximate cause of the incident made the basis of this lawsuit and Plaintiffs' injuries and damages.

Defendant MARNOR is liable to Plaintiff for his damages under the Doctrine of Respondent Superior.

## VI. DAMAGES

As a direct and proximate result of the accident made the basis of this lawsuit, Plaintiff suffered severe injuries. Additionally they have incurred the following damages.

(a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

(b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c) Physical pain and suffering in the past;

(d) Physical pain and suffering in the future;

(e) Mental anguish in the past;

(f) Mental anguish in the future;

(g) Lost wages in the past and wage earning capacity;

(h) Impairment;

(i) Disfigurement;

(j) Property damage.

Plaintiff seek damages in an amount in excess of this courts minimum jurisdictional limits.

Plaintiff's damages, inclusive of court costs and attorney's fees, are not in excess of $74,999.00.

## VII. JURY DEMAND

Plaintiff request a jury trial, and has tendered the fee.

## VIII. REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendants be cited to appear and answer herein, this cause be set for trial before a jury, and Plaintiffs recovers judgment of and from Defendants for their actual damages, in such amount as the evidence shows and the jury determines to be proven, together with pre-judgment interest and post-judgment interest, cost of suit, and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
Telephone:	(361) 643-9200
Facsimile:	(361) 643-9600
btinning@tinninglaw.com

By:	*/s/ William J. Tinning*
William J. Tinning
State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFF**

CO-COUNSEL:
J. Michael Guerra
Attorney at Law
P.O. Box 1968
Alice, Texas 78333
(Telephone) 361.668.7344
(Facsimile) 361.664.1003
Email: jmguerra@gmail14.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was served in compliance with Rule 21a of the Texas Rules of Civil Procedure, on all known counsel of record as indicated below, on this the 7th day of July, 2016, to-wit:

***VIA FAX: 1-210-785-2934***
Mr. J.K. Leonard
Mr. Mark A. Cooper
10001 Reunion Place, Ste. 600
San Antonio, Texas 78216

/s/ *William J. Tinning*
William J. Tinning